**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

**PAUL DIMAIO,** in his capacity as Co-Administrator of the Estate of **THOMAS JOSEPH WESTLEY WRIGHT, HOWARD R. CROLL,** in his capacity as Co-Administrator of the Estate of **THOMAS JOSEPH WESTLEY WRIGHT, KAREN WRIGHT, and DAVID WRIGHT,**
**Plaintiffs**

vs.

C.A. No. PC 07-5811

**STATE OF RHODE ISLAND, Department of Children, Youth and Families, LINDA BENJAMIN**, individually and in her official capacity as an employee of the State of Rhode Island, **PATRICIA CHABOT,** individually and in her official capacity as an employee of the State of Rhode Island, **DONNA RODERICK**, individually and in her official capacity as an employee of the State of Rhode Island, and Does 1 through 30,
**Defendants**

# COMPLAINT

## I. Introduction

This action is brought by the Plaintiffs seeking relief for the wrongful death of Thomas Joseph Westley Wright as a result of the acts and/or omissions committed by Defendants in violation of the Fourteenth Amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983 and Article 1, §2 of the Rhode Island Constitution.

## II. Parties and Jurisdiction

1. The Plaintiff, Paul DiMaio, is the duly appointed and qualified Co-Administrator of the Estate of Thomas Joseph Westley Wright.

FILED CLERK 2007 OCT 31 P 12:56

2. The Plaintiff, Howard R. Croll, is the duly appointed and qualified Co-Administrator of the Estate of Thomas Joseph Westley Wright.

3. The Plaintiff, David Wright, is a resident of the Town of Winchedon, Commonwealth of Massachusetts, and is the father of decedent.

4. The Plaintiff, Karen Wright, is a resident of the Town of Lincoln, State of Illinois, and is the mother of the decedent.

5. Defendant State of Rhode Island ("State") is sued on the basis of official acts and/or omissions committed by employees and agents of the Rhode Island Department of Children, Youth and Families ("DCYF"), a department created pursuant to R.I.G.L. §42-72-1, et seq., within the executive branch of state government, which said State is a sovereign state of the United States and is subject to the jurisdiction of this Court in accordance with its express waiver of sovereign immunity pursuant to R.I.G.L. §9-31-1. Marrapese v. Rhode Island, 500 F.Supp. 1207 (D.R.I. 1980); Saunders v. State, 446 A.2d 748, 751 (R.I. 1982).

6. Defendant Patricia Chabot ("Chabot") is sued individually and in her official capacity as an employee of DCYF and the State.

7. Defendant Linda Benjamin ("Benjamin") is sued individually and in her official capacity as an employee of DCYF and the State.

8. Defendant Donna Roderick ("Roderick") is sued individually and in her official capacity as an employee of DCYF and the State.

9. Defendants Does 1 through 30 are as yet unknown parties who are and may be employees, agents, servants, contractors with the Defendants herein and are sued in this capacity until their identities become known.

## III. Jurisdiction

10. The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

## IV. Venue

11. Venue is proper in this Court in accordance with R.I.G.L §9-4-3.

## V. Material Facts

12. At all relevant times, the decedent, Thomas Joseph Westley Wright ("decedent"), was a foster child in the care, custody and control of the Defendants.

13. At all relevant times, Defendants owed a duty to care, maintain, protect, and comfort the decedent.

14. While decedent was in the care, custody and control of the Defendants, he was temporarily placed to reside with Katherine Bunnell ("Bunnell") and Gilbert Delestre ("Delestre").

15. That Defendants knew or should have known that Bunnell and Delestre posed an immediate danger to the decedent.

16. That on October 31, 2004, on information and belief, decedent died as a result of the intentional acts of Bunnell and Delestre.

17. The Defendants failed to insulate and protect decedent from the actions of Bunnell and Delestre resulting in decedent's death.

18. That the actions and/or omissions of Defendants were <u>not</u> in accordance with customary DCYF procedures, practices and/or policies.

19. That Defendant State failed to properly select, train, instruct, supervise, and discipline employees and/or agents of DCYF, including Defendants Chabot, Benjamin, Roderick

and/or Does 1 through 30, relative to proper DCYF procedures, practices and/or policies, resulting in the death of the decedent.

20. That Defendant State is liable under the doctrine of respondeat superior for the negligent acts and/or omissions of its agents, including Defendants Chabot, Benjamin, Roderick and/or Does 1 through 30, as employees and/or agents employed by DCYF, whose acts and/or omissions were within the scope of their employment and were the proximate cause of grave injuries resulting in the death of decedent. R.I.G.L. §9-31-1.

21. The Defendants knew or should have known that the procedures, practices, and/or polices of DCYF were unreasonable and, therefore, unlawful under the circumstances. Despite such knowledge, the State, by and through its policy-making officials and agents, approved, ignored, acquiesced to, condoned, intentionally ignored, and/or were deliberately indifferent to such procedures, practices and/or policies of DCYF and failed to change or eliminate such unlawful procedures, practices, and/or policies.

22. At all relevant times, the Defendants acted negligently, intentionally, willfully, maliciously, and/or with reckless or callous indifference to the decedent's safety and continued life and his constitutionally protected rights. Furthermore, at all relevant times, the Defendants knew or should have known that their conduct would cause or contribute to the deprivation of decedent's civil rights and cause decedent grave injuries resulting in his death.

23. As a proximate result of the Defendants' acts and/or omissions, including, but not limited to, those described herein, the decedent was caused conscious pain and suffering and endured grave injuries resulting in his death.

24. That at the time of his death, decedent was three (3) years-old and enjoyed good bodily health in every respect.

25. As a result of decedent's death, decedent's estate has incurred necessary and reasonable funeral expenses, and decedent's parents, David Wright and Karen Wright, have been deprived and will be permanently deprived of the love, companionship, affection, society, moral support, and solace of the decedent.

## VI. Claims for Relief

26. The Plaintiffs incorporate in the Counts below the allegations contained in ¶¶1–25 above.

### Count One
### Deprivation of Constitutionally Protected Rights in Violation of 42 U.S.C. §1983

27. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused decedent to be deprived of life without due process of law in derogation of his constitutional rights, resulting in decedent's wrongful death and otherwise causing him to suffer damages as aforesaid, and thereby deprived the decedent of rights secured under the Fourteenth Amendment of the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### Count Two
### Unreasonable Seizure in Violation of Article 1, §2 of the Rhode Island Constitution

28. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused decedent to be deprived of life without due process of law in derogation of his constitutional rights, resulting in decedent's wrongful death and otherwise causing him to suffer damages as aforesaid, and thereby deprived the decedent of rights secured under Article 1, §2 of the Rhode Island Constitution.

## VII. Prayers for Relief

**WHEREFORE**, Plaintiff prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourteenth Amendment to the United States Constitution and Article 1, §2 of the Rhode Island Constitution by causing decedent to be deprived of her life without due process of law.

2. An award of compensatory damages.

3. An award of punitive damages.

4. An award of reasonable attorney's fees and costs of litigation to Plaintiffs' attorney pursuant to 42 U.S.C. §1988.

5. Such other and further relief as the Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiffs hereby demand a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

Plaintiffs hereby designate V. Edward Formisano, Esq. and Fred T. Polacek, Esq. as trial counsel.

David Wright,
By his attorneys
SINAPI, FORMISANO & CO., LTD.

Dated: October 31, 2007

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

Karen Wright,
By her attorney,

Dated: October 31, 2007

Fred T. Polacek (#2710)
55 Dorrance Street, Suite 200
Providence, RI 02903
(401) 861-5662
(401) 861-4792 (facsimile)