STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

PAUL DIMAIO, in his capacity as Co-Administrator of the Estate of THOMAS JOSEPH WESTLEY WRIGHT, HOWARD R. CROLL, in his capacity as Co-Administrator of the Estate of THOMAS JOSEPH WESTLEY WRIGHT, KAREN WRIGHT, and DAVID WRIGHT

V.

C.A. No.: PC 2007-5811

STATE OF RHODE ISLAND, Department of Children, Youth and Families; LINDA BENJAMIN, individually and in her official capacity as an employee of the State of Rhode Island; PATRICIA CHABOT, individually and in her official capacity as an employee of the State of Rhode Island; DONNA RODERICK, individually and in her official capacity as an employee of the State of Rhode Island; and Does 1 through 30

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2008 JAN 15 P 4: 31

## ANSWER OF DEFENDANT, PATRICIA CHABOT

Now comes the Defendant, Patricia Chabot (hereinafter "Defendant"), and hereby answers Plaintiffs' Complaint as follows:

### Responding to "II. Parties and Jurisdiction"

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and leaves Plaintiffs to their proof.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and leaves Plaintiffs to their proof.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

13

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and leaves Plaintiffs to their proof.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and leaves Plaintiffs to their proof.

5. Defendant admits that the Department is created pursuant to R.I.G.L. §42-72-1, et seq., within the executive branch of state government, which said State is a sovereign state of the United States. Defendant denies all remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. The allegations contained in Paragraph 6 call for a legal conclusion to which no response is required.

7. The allegations contained in Paragraph 7 call for a legal conclusion to which no response is required.

8. The allegations contained in Paragraph 8 call for a legal conclusion to which no response is required.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and leaves Plaintiffs to their proof.

**Responding to**
**"III. Jurisdiction"**

10. The allegations contained in Paragraph 10 call for a legal conclusion to which no response is required.

True Copy Attest
Court
& Bristol
Providence, Rhode Island

**Responding to**
**"IV. Venue"**

11. The allegations contained in Paragraph 11 call for a legal conclusion to which no response is required.

**Responding to**
**"V. Material Facts"**

12. The allegations contained in Paragraph 12 call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that on October 31, 2004, Thomas Joseph Wesley Wright was in the care of the State and DCYF and denies any remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint.

13. The allegations contained in Paragraph 13 call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and leaves Plaintiffs to their proof. Upon information and belief, however, the State has brought criminal charges against Katherine Bunnell and Gilbert Delestre.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

True Copy Attest
Office ... of Superior Court
Counties ... Providence & Bristol
Providence, Rhode Island

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20. The allegations contained in Paragraph 20 call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 20.

21. The allegations contained in Paragraph 21 call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and leaves Plaintiffs to their proof.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and leaves Plaintiffs to their proof.

**Responding to**
**"VI. <u>Claims For Relief</u>"**

26. Defendant's responses to Paragraphs 1 through 25 of the Complaint are incorporated by reference as if fully set forth herein.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**As To Count I**
**Deprivation of Constitutionally Protected Rights in Violation of 42 U.S.C. §1983**

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

WHEREFORE, Defendants request that this Honorable Court deny and dismiss all of Plaintiffs' claims, award Defendants counsel fees and costs, and grant such other relief as this Court shall deem appropriate.

**As To Count II**
**Unreasonable Seizure in Violation of Article 1, §2 of the Rhode Island Constitution**

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

WHEREFORE, Defendants request that this Honorable Court deny and dismiss all of Plaintiffs' claims, award Defendants counsel fees and costs, and grant such other relief as this Court shall deem appropriate.

Defendants,

By Their Attorneys,

PATRICK C. LYNCH
ATTORNEY GENERAL

Anne T. Turilli, Esquire (#5502)
Special Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2355
Fax: (401) 222-2995

Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Defendants have the benefit of the State's status as sovereign, together with all privileges and immunities that inure to said sovereign status, including the doctrines of sovereign immunity and/or discretionary immunity, which bar all claims against these Defendants. Defendants also have the benefit of all express and implied exceptions to any waiver of sovereign immunity, which waiver is expressly denied.

### THIRD AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff caused and/or contributed to the alleged injuries or damages complained of, and, therefore, Defendants plead the doctrine of comparative and/or contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants at all times acted reasonably and in good faith and did not violate any clearly established law. Accordingly, the individual Defendants are entitled to qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

At all times material to the matters alleged in the Complaint, the State, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiffs, if, in fact, any duties were owed.

### SIXTH AFFIRMATIVE DEFENSE

Defendants assert the defense of lack of standing as to one or more Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendants at all times acted reasonably, within the scope of their employment, in an authorized manner, and in their official capacity.

### EIGHTH AFFIRMATIVE DEFENSE

True Copy Attest
Counties of Providence & Bristol Superior Court
Providence, Rhode Island

Plaintiffs' claims are subject to waiver and/or estoppel.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint is subject to dismissal under Will v. Michigan, 491 U.S. 58 (1989).

**TENTH AFFIRMATIVE DEFENSE**

The doctrine of absolute immunity bars all claims against these Defendants, to the extent their conduct was as an agent of the judiciary or is subject to such grant by statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

The acts or omissions of Defendants were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful; do not constitute actual fraud, willful misconduct, or actual malice; and were not in violation of Federal or State law.

**TWELVETH AFFIRMATIVE DEFENSE**

Defendant and/or Defendants had no involvement with the preliminary placement of the decedent with Katherine Bunnell and Gilbert Delestre; all claims against such Defendants should be dismissed. As such, Defendants plead the defense of no duty owed to the Plaintiffs, and in the alternative, that Defendants have met any duty imposed on them under law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against the State and State Officials are barred by the Eleventh Amendment. Quern v. Jordan.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred by the applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred by laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to monetary damages as against Defendants under Federal or State law. However, to the extent Defendants are not immune and are held liable for damages, which liability is expressly denied, the monetary limitation on damages set forth in State law for actions against the State and state officials should apply. Plaintiffs are not entitled to attorney's fees, interest, or costs under Federal or State law.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to punitive damages as against Defendants under Federal or State law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any loss, damage or injury sustained by Plaintiffs, which loss, damage or injury is expressly denied, is the direct and proximate result of the acts or failure to act of persons and/or parties not Defendants and over whom Defendants had or have no control and no right to control.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants assert any and all applicable defenses of assumption of the risk.

WHEREFORE, Defendants request that this Honorable Court deny and dismiss all of Plaintiff's claims, award Defendants counsel fees and costs, and grant such other relief as this Court shall deem appropriate.

Defendants,

By Their Attorneys,

PATRICK C. LYNCH
ATTORNEY GENERAL

Anne T. Turilli, Esquire (#5502)
Special Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2355
Fax: (401) 222-2995
aturilli@riag.state.ri.us

True Copy Attest
Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of January 2008, I mailed a true and accurate copy of the within *Answer of Defendant, Department of Children, Youth and Families*, postage pre-paid, to **Edward V. Formisano, Esquire**, Sinapi, Formisano & Company, Ltd., 100 Midway Road, Suite 1, Cranston, RI 02920-5742 and **Fred T. Polacek, Esquire**, Law Offices of Fred T. Polacek, 55 Dorrance Street, # 2, Providence, RI 02903 to them at their usual place of business as hereinabove set forth.

Kelly Zglano

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island