UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL DIMAIO, in his capacity as Co-Administrator of the Estate of THOMAS JOSEPH WESTLEY WRIGHT, HOWARD R. CROLL, in his capacity as Co-Administrator of the Estate of THOMAS JOSEPH WESTLEY WRIGHT, KAREN WRIGHT, and DAVID WRIGHT, Plaintiffs | : | |
| V. | : | C.A. No.: 08-31L |
| STATE OF RHODE ISLAND, Department of Children, Youth and Families; LINDA BENJAMIN, individually and in her official capacity as an employee of the State of Rhode Island; PATRICIA CHABOT, individually and in her official capacity as an employee of the State of Rhode Island; DONNA RODERICK, individually and in her official capacity as an employee of the State of Rhode Island; and Does 1 through 30, Defendants | : | |

**ANSWER OF DEFENDANT, LINDA BENJAMIN, TO FIRST AMENDED COMPLAINT**

Now comes the Defendant, Linda Benjamin (hereinafter "Defendant"), and hereby answers Plaintiff's First Amended Complaint ("Complaint") as follows:

**Responding to "Introduction"**

The first unnumbered paragraph of Plaintiffs' Complaint contains Plaintiffs' Introduction, to which no response is required from Defendant. If a response is deemed necessary, Defendant denies the allegations contained therein.

**Responding to**
**"II. Parties and Jurisdiction"**

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and leaves Plaintiffs to their proof.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and leaves Plaintiffs to their proof.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and leaves Plaintiffs to their proof.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and leaves Plaintiffs to their proof.

5. Defendant admits only that the Department is created pursuant to R.I.G.L. §42-72-1, et seq., within the executive branch of state government, which said State is a sovereign state of the United States. Defendant denies all remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. The allegations contained in Paragraph 6 call for a legal conclusion to which no response is required.

7. The allegations contained in Paragraph 7 call for a legal conclusion to which no response is required.

8. The allegations contained in Paragraph 8 call for a legal conclusion to which no response is required.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and leaves Plaintiffs to their proof.

**Responding to**
**"III. <u>Jurisdiction</u>"**

10. The allegations contained in Paragraph 10 call for a legal conclusion to which no response is required.

**Responding to**
**"IV. <u>Venue</u>"**

11. The allegations contained in Paragraph 11 call for a legal conclusion to which no response is required.

**Responding to**
**"V. <u>Material Facts</u>"**

12. The allegations contained in Paragraph 12 call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits that on October 31, 2004, Thomas Joseph Wesley Wright was in the care of the State and DCYF and denies any and all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The allegations contained in Paragraph 13 call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and leaves Plaintiffs to their proof. Upon information and belief, however, the State has brought criminal charges against Gilbert Delestre and a jury has found Katherine Bunnell guilty of murder.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. The allegations contained in Paragraph 20 call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 20.

21. The allegations contained in Paragraph 21 call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and leaves Plaintiffs to their proof.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and leaves Plaintiffs to their proof.

**Responding to**
**"VI. Claims For Relief"**

26. Defendant's responses to Paragraphs 1 through 25 of the Complaint are incorporated by reference as if fully set forth herein.

**As To Count I**
**Negligence - Wrongful Death**

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

WHEREFORE, Defendant requests that this Honorable Court deny and dismiss all of Plaintiffs' claims, award Defendant counsel fees and costs, and grant such other relief as this Court shall deem appropriate.

**As To Count II**
**Deprivation of Constitutionally Protected Rights**
**In Violation of 42 U.S.C. § 1983**

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

WHEREFORE, Defendant requests that this Honorable Court deny and dismiss all of Plaintiffs' claims, award Defendant counsel fees and costs, and grant such other relief as this Court shall deem appropriate.

**As To Count III**
**Unreasonable Seizure in Violation of Article 1, §2 of the Rhode Island Constitution**

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

WHEREFORE, Defendant requests that this Honorable Court deny and dismiss all of Plaintiffs' claims, award Defendant counsel fees and costs, and grant such other relief as this Court shall deem appropriate.

Defendant,

By Her Attorneys,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Anne T. Turilli

Anne T. Turilli, Esquire (#5502)
Special Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2355
Fax: (401) 222-2995
aturilli@riag.state.ri.us

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

This Complaint fails to state a claim against these Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The State and state officials have the benefit of the State's status as sovereign, together with all privileges and immunities that inure to said sovereign status, including the doctrines of

sovereign immunity and/or discretionary immunity. Defendants also have the benefit of all express and implied exceptions to any waiver of sovereign immunity, which waiver is expressly denied.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' own actions and/or inactions caused and/or contributed to the harms and damages alleged in the complaint. Defendants, therefore, plead the doctrine of comparative and/or contributory negligence.

**FOURTH AFFIRMATIVE DEFENSE**

The Defendants at all times acted reasonably and in good faith and did not violate any clearly established law. Accordingly, the individual Defendants are entitled to qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE**

At all times material to the matters alleged in the Complaint, the State, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiffs, if, in fact, any duties were owed.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants assert the defense of lack of standing as to one or more Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendants at all times acted reasonably, within the scope of their employment, in an authorized manner, and in their official capacity.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by waiver and/or estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Intervening, superceding actions of those other than these Defendants caused the harms complained of by the Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

The doctrine of absolute immunity bars all claims against these Defendants, to the extent their conduct was as an agent of the judiciary or is subject to such grant by statute or the common law.

**ELEVENTH AFFIRMATIVE DEFENSE**

The acts or omissions of Defendants were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful; do not constitute actual fraud, willful misconduct, or actual malice; and were not in violation of Federal or State law.

**TWELVETH AFFIRMATIVE DEFENSE**

Defendants plead the defense of no duty owed to the Plaintiffs, and in the alternative, that Defendants have met any duty imposed on them under law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against the State and State Officials are barred by the Eleventh Amendment, Quern v. Jordan, and/or are subject to dismissal under Will v. Michigan, 491 U.S. 58 (1989).

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations and by laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The acts complained of were caused solely by third parties not acting under color of State law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent Defendants are not immune and are held liable for damages, which liability is expressly denied, the monetary limitations on damages set forth in State law should apply to the State and state officials.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Punitive damages are not recoverable by these Plaintiffs.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any loss, damage or injury sustained by Plaintiffs, which loss, damage or injury is expressly denied, is the direct and proximate result of the acts or failure to act of persons and/or parties not Defendants and over whom Defendants had or have no control and no right to control.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants assert the defense of assumption of the risk.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendants had no notice of the alleged injurious act or practice, if in fact any such act or practice even occurred, and thus had no responsibility to rectify same.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants have the benefit of the public duty doctrine, together with all its privileges and immunities.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants assert the defense as against these Plaintiffs of the doctrine of avoidable consequences and/or the failure to mitigate.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREFORE, Defendant respectfully requests that this Honorable Court deny and dismiss each and every count of Plaintiffs' Complaint with prejudice and enter judgment in the Defendant's favor; that all relief requested by Plaintiffs be denied; that Defendant be awarded costs and attorneys fees for defending this action; and for such other relief as the Court may deem just and appropriate.

Defendant,

By Her Attorneys,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Anne T. Turilli

Anne T. Turilli, Esquire (#5502)
Special Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2355
Fax: (401) 222-2995
aturilli@riag.state.ri.us

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June 2008, I electronically filed the within, via the ECF System and caused a copy to be electronically sent to:

Edward V. Formisano edf@sfclaw.com, sfc1@sfclaw.com
Fred T. Polacek fred@polaceklaw.com

/s/ Anne T. Turilli